1  Mark Yablonovich (SBN 186670)
2  Marc Primo (SBN 216796)
   Shawn Westrick (SBN 235313)
3  Linh Hua (SBN 247419)
   Initiative Legal Group LLP
4  1800 Century Park East, 2nd Floor
5  Los Angeles, California 90067
   Telephone: (310) 556-5637
6  Facsimile: (310) 861-9051
7  Email:  MPrimo@InitiativeLegal.com
   Attorneys for Plaintiffs KIMBERLY BURROWS AND KURT BRUNNER
8

9

10                UNITED STATES DISTRICT COURT

11      EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION

12

| | |
|---|---|
| 13  KIMBERLY BURROWS AND KURT BRUNNER, individually, and on behalf of other members of the general public similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>COMBINED INSURANCE COMPANY OF AMERICA, an Illinois corporation; AON SERVICE CORPORATION, an Illinois corporation,<br><br>Defendants. | Case Number:<br><br>**COMPLAINT FOR CLASS ACTION**<br><br>(1) Violation of California Labor Code §§ 2800 and 2802 (Unpaid Business-Related Expenses);<br><br>(2) Violation of California Labor Code § 221 (Unlawful Wage Deductions);<br><br>(3) Violation of California Labor Code §§ 201 and 202 (Wages not Paid Upon Termination);<br><br>(4) Violation of California Labor Code § 204 (Failure to Pay Wages);<br><br>(5) Violation of California Labor Code § 226(a) (Improper Wage Statements); and, |


(6) Violation of California Business & Professions Code §§ 17200, et seq.

**DEMAND FOR JURY TRIAL**

Plaintiffs, individually and on behalf of all other members of the public similarly situated, allege as follows:

## JURISDICTION AND VENUE

1. This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331-1332. Plaintiffs are citizens of California, Defendants are Illinois corporations. The Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367. Plaintiffs allege, on information and belief, that the aggregate amount in controversy for this class action exceeds five million dollars ($5,000,000.00) exclusive of interest and costs, that the class is greater than one-hundred (100) members, and that any one plaintiff is a citizen of a state different from that of any defendant. See Class Action Fairness Act ("CAFA"), Pub. L. 109-2, 119 Stat. 4 (2005).

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(a) and (b) because Defendants maintain offices, have agents and are licensed to and do transact business in this district.

## THE PARTIES

3. Plaintiffs KIMBERLY BURROWS and KURT BRUNNER (collectively, "Plaintiffs") are residents of Butte County in the State of California.

4. Defendant COMBINED INSURANCE COMPANY OF AMERICA was and is, upon information and belief, an Illinois corporation doing business in California, and at all times hereinafter mentioned, an employer whose employees are engaged throughout this county, the State of California, or the various states of the United States of America.

5. Defendant AON SERVICE CORPORATION was and is, upon information and belief, an Illinois corporation doing business in California, and at all times hereinafter mentioned, an employer whose employees are engaged throughout this county, the State of California, or the various states of the United States of America.

6. Plaintiffs are informed and believe, and thereon allege, that each and all of the acts and omissions alleged herein was performed by, or is attributable to COMBINED INSURANCE COMPANY OF AMERICA and/or AON SERVICE CORPORATION (collectively "Defendants"), each acting as the agent for the other, with legal authority to act on the other's behalf. The acts of any and all Defendants were in accordance with, and represent the official policy of, Defendants.

7. At all times herein mentioned, Defendants, and each of them, ratified each and every act or omission complained of herein. At all times herein mentioned, Defendants, and each of them, aided and abetted the acts and omissions of each and all the other Defendants in proximately causing the damages herein alleged.

8. Plaintiffs are informed and believe, and thereon allege, that each of said Defendants are in some manner intentionally, negligently, or otherwise responsible for the acts, omissions, occurrences, and transactions alleged herein.

## CLASS ACTION ALLEGATIONS

9. Plaintiffs bring this action on their own behalf, as well as on behalf of each and all other persons similarly situated, and thus, seek class certification under Federal Rules of Civil Procedure 23(a), (b)(2), and (b)(3).

10. All claims alleged herein arise under California law for which Plaintiffs seek relief authorized by California law.

11. The proposed class consists of and is defined as:

> All persons who worked as Insurance Agents or Sales Agents or held similar titles or performed similar duties who have been employed by

Defendants in the State of California within four years prior to the filing of this complaint until certification of the class in this lawsuit.

12. Plaintiffs reserve the right to establish sub-classes as appropriate.

13. There is a well-defined community of interest in the litigation and the class is readily ascertainable:

    a. <u>Numerosity</u>: The members of the class (and each subclass, if any) are so numerous that joinder of all members would be unfeasible and impractical. The membership of the entire class is unknown to Plaintiffs at this time, however, the class is estimated to be greater than one-hundred (100) individuals and the identity of such membership is readily ascertainable by inspection of Defendants' employment records.

    b. <u>Typicality</u>: Plaintiffs are qualified to, and will, fairly and adequately protect the interests of each class member with whom they have a well-defined community of interest, and Plaintiffs' claims (or defenses, if any) are typical of all class members' as demonstrated herein.

    c. <u>Adequacy</u>: Plaintiffs are qualified to, and will, fairly and adequately, protect the interests of each class member with whom they have a well-defined community of interest and typicality of claims, as alleged herein. Plaintiffs acknowledge that they have an obligation to make known to the Court any relationship, conflicts, or differences with any class member. Plaintiffs' attorneys, the proposed class counsel, are versed in the rules governing class action discovery, certification, and settlement. Plaintiffs have incurred, and throughout the duration of this action will continue to incur costs and attorneys' fees that have been, are, and will be necessarily expended for the prosecution of this action for the substantial benefit of each class member.

    d. <u>Superiority</u>: The nature of this action makes the use of class action adjudication superior to other methods. Class action will achieve economies of time, effort and expense as compared with separate lawsuits, and will avoid

inconsistent outcomes because the same issues can be adjudicated in the same manner and at the same time for the entire class.

    e.    <u>Public Policy Considerations</u>: Employers of the State violate employment and labor laws every day. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing actions because they believe their former employers might damage their future endeavors through negative references and/or other means. Class actions provide the class members who are not named in the complaint with a type of anonymity that allows for the vindication of their rights at the same time as their privacy is protected.

14.    There are common questions of law and fact as to the class (and each subclass, if any) that predominate over questions affecting only individual members, including but not limited to:

    a.    Whether Defendants failed to indemnify and/or reimburse Plaintiffs and other class members for necessary and required business-related expenditures and/or losses incurred by them in the scope of their employment;

    b.    Whether Defendants unlawfully collected or received from Plaintiffs and the other class members any part of wages previously paid to Plaintiffs and the class members;

    c.    Whether Defendants failed to promptly pay all wages due to Plaintiffs and other class members upon their discharge or resignation;

    d.    Whether Defendants' failure to pay wages, without abatement or reduction, in accordance with the <u>California Labor Code</u>, was willful;

    e.    Whether Defendants complied with wage reporting as required by the <u>California Labor Code</u>; including but not limited to section 226;

    f.    Whether Defendants' conduct was willful or reckless;

    g.    Whether Defendants engaged in unfair business practices in violation of <u>California Business & Professions Code</u> sections 17200, <u>et seq</u>.; and,

h. The appropriate amount of damages, restitution, or monetary penalties resulting from Defendants' violations of California law.

## GENERAL ALLEGATIONS

15. At all times set forth, Defendants employed Plaintiffs and other persons as Insurance Agents or Sales Agents or those who held similar titles or performed similar duties.

16. Defendants employed Plaintiff Kimberly Burrows as an Insurance Agent or Sales Agent from on or about August 2006 to on or about August 2007 at Butte County, California business locations.

17. Defendants employed Plaintiff Kurt Brunner as an Insurance Agent or Sales Agents from on or about September 2006 to on or about August 10, 2007 at Butte County, California business locations.

18. Defendants continue to employ Insurance Agents or Sales Agents or those who hold similar titles or perform similar duties.

19. Plaintiffs are informed and believe, and thereon allege that at all times herein mentioned, Defendants were advised by skilled lawyers and other professionals, employees, and advisors knowledgeable about California and federal labor and wage law and employment and personnel practices, and about the requirements of California and federal law.

20. Plaintiffs are informed and believe, and thereon allege that Defendants knew or should have known that Plaintiffs and other class members were entitled to receive full reimbursement for all business-related expenses and costs they incurred during the course and scope of their employment, and that they did not receive full reimbursement of applicable business-related expenses and costs they incurred.

21. Plaintiffs are informed and believe, and thereon allege that Defendants knew or should have known that Plaintiffs and the other class members were entitled to not have to pay wages back to their employer.

22. Plaintiffs are informed and believe, and thereon allege that Defendants knew or should have known that Plaintiffs and other class members were entitled to receive all wages owed to them upon discharge.

23. Plaintiffs are informed and believe, and thereon allege that Defendants knew or should have known that Plaintiffs and other class members were entitled to receive complete and accurate wage statements in accordance with California law.

24. Plaintiffs are informed and believe, and thereon allege that at all times herein mentioned, Defendants knew or should have known that they had a duty to compensate Plaintiffs and other class members, and that Defendants had the financial ability to pay such compensation, but willfully, knowingly, and intentionally failed to do so, and falsely represented to Plaintiffs and other class members that they were properly denied wages, all in order to increase Defendants' profits.

25. <u>California Labor Code</u> section 218 states that nothing in Article 1 of the Labor Code shall limit the right of any wage claimant to "sue directly . . . for any wages or penalty due him [or her] under this article."

## FIRST CAUSE OF ACTION
### Violation of <u>California Labor Code</u> §§ 2800 and 2802
### (Against all Defendants)

26. Plaintiffs incorporate by reference and re-allege as if fully stated herein the material allegations set out in paragraphs 1 through 25.

27. At all times herein set forth <u>California Labor Code</u> sections 2800 and 2802 provide that an employer must reimburse employees for all necessary expenditures.

28. Plaintiffs and other class members incurred necessary business-related expenses and costs that were not fully reimbursed by Defendants, including and without limitation, travel costs, including mileage expenses and gasoline, expenses and costs for money orders, business cards and stationary supplies that resulted from

their employment with Defendants. Specifically, Defendants had, and continues to have, a policy and practice of requiring employees, including Plaintiffs and class members, to pay for business-related travel costs, including mileage and gasoline expenses, expenses and costs for money orders, business cards and stationary supplies, from their own funds. Defendants had, and continue to have, a policy of not reimbursing employees, including Plaintiffs and class members, for said business-related expenses and costs.

29. Defendants have intentionally and willfully failed to fully reimburse Plaintiffs and other class members for necessary business-related expenses and costs.

30. Plaintiffs and other class members are entitled to recover from Defendants their business-related expenses incurred during the course and scope of their employment, plus interest, pursuant to California Labor Code sections 2800 and 2802.

31. Plaintiffs are informed and believe that Defendants are guilty of oppression, fraud, or malice, thereby warranting an award of punitive damages against Defendants for the sake of example, and to punish Defendants and deter others from engaging in similar misconduct.

## SECOND CAUSE OF ACTION

### Violation of California Labor Code § 221

**(Against all Defendants)**

32. Plaintiffs incorporate by reference and re-allege as if fully stated herein the material allegations set out in paragraphs 1 through 31.

33. California Labor Code section 200 expressly provides that an employee's "wages" include all forms of compensation for labor, including commissions.

34. At all times herein set forth, California Labor Code section 221 provides that it shall be unlawful for any employer to collect or receive from an employee

-7-

1 any part of wages theretofore paid by said employer to said employee.

2 35.  During the relevant time period, Defendants unlawfully deducted from the wages of Plaintiffs and the other class members commissions previously paid and/or earned.

36.  Defendants have unlawfully collected or received from Plaintiffs and class members a part of wages theretofore paid by an employer to its employees.

37.  Defendants' conduct as alleged herein violates California Labor Code section 221.

38.  Plaintiffs and class members are entitled to recover all unpaid wages, and such general and special damages as may be appropriate, as well as interest on all due and unpaid wages pursuant to California Labor Code section 218.6, accrued from the date that the wages were due and payable at the rate of interest specified in California Civil Code section 3289(b), and for such other and further relief as the Court may deem equitable and appropriate.

### THIRD CAUSE OF ACTION
### Violation of California Labor Code §§ 201 and 202
### (Against all Defendants)

39.  Plaintiffs incorporate by reference and re-allege as if fully stated herein the material allegations set out in paragraphs 1 through 38.

40.  At all times herein set forth, California Labor Code sections 201 and 202 provide that if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately, and that if an employee voluntarily leaves his or her employment, his or her wages shall become due and payable not later than seventy-two (72) hours thereafter, unless the employee has given seventy-two (72) hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

41.  During the relevant time period, Defendants willfully failed to pay

Plaintiffs and other class members who are no longer employed by Defendants their wages, earned and unpaid, either at the time of discharge, or within seventy-two (72) hours of their leaving Defendants' employ.

42. Defendants' failure to pay Plaintiffs and those class members who are no longer employed by Defendants their wages earned and unpaid at the time of discharge, or within seventy-two (72) hours of their leaving Defendants' employ, is in violation of California Labor Code sections 201 and 202.

43. California Labor Code section 203 provides that if an employer wilfully fails to pay wages owed, in accordance with sections 201 and 202, then the wages of the employee shall continue as a penalty from the due date, and at the same rate until paid or until an action is commenced; but the wages shall not continue for more than thirty (30) days.

44. Plaintiffs and other class members are entitled to recover from Defendants the statutory penalty for each day they were not paid, at their regular hourly rate of pay, up to a thirty (30) day maximum pursuant to California Labor Code section 203.

## FOURTH CAUSE OF ACTION
### Violation of California Labor Code § 204
**(Against all Defendants)**

45. Plaintiffs incorporate by reference and re-allege as if fully stated herein the material allegations set out in paragraphs 1 through 44.

46. At all times herein set forth, California Labor Code section 204 provides that all wages earned by any person in any employment between the 1st and the 15th days, inclusive, of any calendar month, other than those wages due upon termination of an employee, are due and payable between the 16th and the 26th day of the month during which the labor was performed.

47. At all times herein set forth, California Labor Code section 204 provides

that all wages earned by any person in any employment between the 16th and the last day, inclusive, of any calendar month, other than those wages due upon termination of an employee, are due and payable between the 1st and the 10th day of the following month.

48. At all times herein set forth, California Labor Code section 204 provides that all wages earned for labor in excess of the normal work period shall be paid no later than the payday for the next regular payroll period.

49. During the relevant time period, Defendants willfully failed to pay Plaintiffs and other class members all wages due to them, within any time period permissible by California Labor Code section 204.

50. Plaintiffs and the other class members are entitled to recover all remedies available for violations of California Labor Code section 204.

51. Plaintiffs are informed and believe that Defendants are guilty of oppression, fraud, or malice, thereby warranting an award of punitive damages against Defendants for the sake of example, and to punish Defendants and deter others from engaging in similar misconduct.

## FIFTH CAUSE OF ACTION
### Violation of California Labor Code § 226(a)
### (Against all Defendants)

52. Plaintiffs incorporate by reference and re-allege as if fully stated herein the material allegations set out in paragraphs 1 through 51.

53. At all material times set forth herein, California Labor Code section 226(a) provides that every employer shall furnish each of his or her employees an accurate itemized wage statement in writing showing nine pieces of information, including total hours worked, the inclusive dates of the period for which the employee is paid, the employees' Social Security number, and the name and address of the legal entity that is the employer, among other things.

54. Defendants have intentionally and willfully failed to provide employees with complete and accurate wage statements. The deficiencies include, among other things, the failure to include the total hours worked, the failure to include the inclusive dates of the periods for which Plaintiffs' and class members were paid, the failure to include Plaintiffs and class members' Social Security numbers, and the failure to include the name and address of the legal entity that is the employer.

55. As a result of Defendants' violation of California Labor Code section 226(a), Plaintiffs and class members have suffered injury and damage to their statutorily-protected rights.

56. Specifically, Plaintiffs and class members have been injured by Defendants' intentional violation of California Labor Code section 226(a) because they were denied both their legal right to receive, and their protected interest in receiving, accurate, itemized wage statements under California Labor Code section 226(a).

57. Plaintiffs and class members are entitled to recover from Defendants the greater of their actual damages caused by Defendants' failure to comply with California Labor Code section 226(a), or an aggregate penalty not exceeding four thousand dollars per employee.

58. Plaintiffs and class members are also entitled to injunctive relief to ensure compliance with this section, pursuant to California Labor Code section 226(g).

## SIXTH CAUSE OF ACTION

### Violation of California Business & Professions Code §§ 17200, et seq.
### (Against all Defendants)

59. Plaintiffs incorporate by reference and re-allege as if fully stated herein the material allegations set out in paragraphs 1 through 58.

60. Defendants' conduct, as alleged herein, has been, and continues to be, unfair, unlawful, and harmful to Plaintiffs, other class members, and to the general

1 | public. Plaintiffs seek to enforce important rights affecting the public interest within
2 | the meaning of Code of Civil Procedure section 1021.5.
3 |   61. Defendants' activities as alleged herein are violations of California law,
4 | and constitute unlawful business acts and practices in violation of California
5 | Business & Professions Code sections 17200, et seq.
6 |   62. A violation of California Business & Professions Code sections 17200, et
7 | seq. may be predicated on the violation of any state or federal law. In the instant
8 | case, Defendants' policy and practice of not reimbursing Plaintiffs and class
9 | members for business-related expenses and costs violates California Labor Code
10 | sections 2800 and 2802. Defendants' policy and practice of collecting or receiving
11 | wages previously paid to Plaintiffs and class members violates California Labor
12 | Code section 221. Furthermore, during the relevant time period, Defendants failed
13 | to pay Plaintiffs and other class members the all wages due to them, within any time
14 | period permissible by California Labor Code section 204.
15 |   63. Plaintiffs and putative class members have been personally injured by
16 | Defendants' unlawful business acts and practices as alleged herein, including but not
17 | necessarily limited to the loss of money or property.
18 |   64. Pursuant to California Business & Professions Code sections 17200, et
19 | seq., Plaintiffs and putative class members are entitled to restitution of the wages
20 | withheld and retained by Defendants during a period that commences four years
21 | prior to the filing of this complaint; a permanent injunction requiring Defendants to
22 | pay all outstanding wages due to Plaintiffs and class members; an award of
23 | attorneys' fees pursuant to California Code of Civil Procedure section 1021.5 and
24 | other applicable laws; and an award of costs.
25
26 | **REQUEST FOR JURY TRIAL**
27 |   Plaintiffs request a trial by jury.
28 | \\

-12-

# **PRAYER FOR RELIEF**

Plaintiffs, and on behalf of all others similarly situated, pray for relief and judgment against Defendants as follows:

### Class Certification

1. That this action be certified as a class action;
2. That Plaintiffs be appointed as the representatives of the Class; and,
3. That counsel for Plaintiffs be appointed as Class Counsel.

### As to the First Cause of Action

4. That the Court declare, adjudge and decree that Defendants violated California Labor Code sections 2800 and 2802 by willfully failing to pay all business-related expenses owed to Plaintiffs and class members;
5. For unpaid wages and such general and special damages as may be appropriate;
6. For pre-judgment interest on any unpaid wages from the date such amounts were due;
7. For all actual, consequential and incidental losses and damages, according to proof;
8. For punitive and/or exemplary damages according to proof at trial; and,
9. For such other and further relief as the Court may deem equitable and appropriate.

### As to the Second Cause of Action

10. That the Court declare, adjudge and decree that Defendants violated California Labor Code section 221 by willfully collecting or receiving from Plaintiffs and class members wages theretofore paid to Plaintiffs and class members;
11. For all actual, consequential and incidental losses and damages, according

1 | to proof;

2 | 12.  For unpaid wages and such general and special damages as may be
3 | appropriate;

4 | 13.  For interest on all due and unpaid wages, accrued from the date that the
5 | wages were due and payable, at the rate of interest specified in <u>California Civil
6 | Code</u> section 3289(b), pursuant to California Labor Code section 218.6; and,

7 | 14.  For such other and further relief as the Court may deem equitable and
8 | appropriate.

9 |

10 | <u>As to the Third Cause of Action</u>

11 | 15.  That the Court declare, adjudge and decree that Defendants violated
12 | <u>California Labor Code</u> sections 201, 202, and 203 by willfully failing to pay all
13 | compensation owed at the time of the termination of the employment of Plaintiffs
14 | and other terminated class members;

15 | 16.  For all actual, consequential and incidental losses and damages, according
16 | to proof;

17 | 17.  For statutory penalties pursuant to <u>California Labor Code</u> section 203 for
18 | Plaintiffs and all other class members who have left Defendants' employ; and,

19 | 18.  For such other and further relief as the Court may deem equitable and
20 | appropriate.

21 |

22 | <u>As to the Fourth Cause of Action</u>

23 | 19.  That the Court declare, adjudge and decree that Defendants violated
24 | <u>California Labor Code</u> section 204 by willfully failing to pay all compensation owed
25 | at the time required by <u>California Labor Code</u> section 204, to Plaintiffs and class
26 | members;

27 | 20.  For all actual, consequential and incidental losses and damages, according
28 | to proof;

1  21.  For pre-judgment interest on any untimely paid compensation, from the date such amounts were due;

2  22.  For punitive and/or exemplary damages according to proof at trial; and,

3  23.  For such other and further relief as the Court may deem equitable and appropriate.

### As to the Fifth Cause of Action

24.  That the Court declare, adjudge and decree that Defendants violated the record keeping provisions of California Labor Code section 226(a) and applicable sections of the Wage Orders as to Plaintiffs and class members, and willfully failed to provide accurate semi-monthly itemized wage statements thereto;

25.  For all actual, consequential and incidental losses and damages, according to proof;

26.  For statutory penalties pursuant to California Labor Code section 226(e);

27.  For injunctive relief to ensure compliance with this section, pursuant to California Labor Code section 226(g); and,

28.  For such other and further relief as the Court may deem equitable and appropriate.

### As to the Sixth Cause of Action

29.  That the Court declare, adjudge and decree that Defendants violated California Business and Professions Code sections 17200, et seq. by failing to reimburse Plaintiffs and class members for all business-related expenses, collecting or receiving wages previously paid to Plaintiffs and class members, and failing to pay Plaintiffs and class members' wages timely as required by California Labor Code section 204;

30.  For restitution of unpaid wages to Plaintiffs and class members and prejudgment interest from the day such amounts were due and payable;

31. For the appointment of a receiver to receive, manage and distribute any and all funds disgorged from Defendants and determined to have been wrongfully acquired by Defendants as a result of violations of California Business & Professions Code sections 17200 et seq.;

32. For reasonable attorneys' fees and costs of suit incurred herein that Plaintiffs and class members are entitled to recover under California Code of Civil Procedure section 1021.5;

33. For injunctive relief to ensure compliance with this section, pursuant to California Business & Professions Code sections 17200 et seq.; and,

34. For such other and further relief as the Court may deem equitable and appropriate.

Dated: July 28, 2008

Respectfully submitted,
Initiative Legal Group LLP

By: _____
Mark Yablonovich
Marc Primo
Shawn Westrick
Linh Hua
Attorneys for Plaintiffs and for Class Members

-16-
CLASS ACTION COMPLAINT