UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIMBERLY BURROWS, KURT BRUNNER, and SUSANNE TOWNSEND, individually, and on behalf of other members of the general public similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>COMBINED INSURANCE COMPANY OF AMERICA, an Illinois corporation; AON SERVICE CORPORATION, an Illinois corporation,<br><br>Defendants. | Case No. 2:08-CV-01752-JAM-KJM<br><br>**PROTECTIVE ORDER** |

1. <u>PURPOSE OF PROTECTIVE ORDER</u>:

It is the purpose of this Protective Order to allow the parties to this lawsuit to have reasonable access to information from the other parties to this lawsuit while providing those parties and third-parties with a means for limiting access to, and disclosure of, confidential proprietary information that is produced in this lawsuit in discovery, or in compliance with Federal Rule of Civil Procedure, Rule 26, *et seq.*

2. <u>DEFINITIONS</u>.

    (a)  <u>Party</u>.  "Party" means any of the parties to this action, their affiliates, and their respective officers, directors and employees.

    (b)  <u>Counsel</u>.  "Counsel" means:

(i) Littler Mendelson, a professional corporation, and its respective support staff and other employees who are not employed by a Party and to whom it is necessary to disclose Protected Material for the purpose of this action;

(ii) Initiative Legal Group LLP, and its respective support staff and other employees who are not employed by a Party and to whom it is necessary to disclose Protected Material for the purpose of this action;

(c) <u>Discovery Material</u>. "Discovery Material" means any information, document, tangible thing, response to discovery requests, deposition testimony or transcript, and any other similar materials, or portions thereof. In particular this is meant to protect the names and contact information of putative class members (or class members, should the case be certified); and it is understood that this information shall not be used for any purpose other than this lawsuit, including it shall not be used for future solicitation.

(d) <u>Designating Party</u>. "Designating Party" means a Party to this action that designates materials produced or utilized in this litigation by any Party or any third party (pursuant to subpoena or otherwise), as "CONFIDENTIAL INFORMATION" or "ATTORNEYS' EYES ONLY INFORMATION."

(e) <u>Receiving Party</u>. "Receiving Party" means a Party to this action and all employees, agents and directors (other than Counsel) of the Party, who receives Discovery Material.

(f) <u>Confidential Information</u>. "CONFIDENTIAL INFORMATION" is defined herein as confidential or sensitive proprietary, business, commercial or personal information.

(g) <u>Attorneys' Eyes Only Information</u>. "ATTORNEYS' EYES ONLY INFORMATION" is defined herein as CONFIDENTIAL INFORMATION which constitutes, discloses, reveals, describes or discusses, in whole or in part, a trade secret within the meaning of the California Uniform Trade Secrets Act.

(h) <u>Protected Material</u>. "Protected Material" means any Discovery Material, and any notes or other records embodying or disclosing the contents of such Discovery Material, that is designated as "Confidential" or "Attorneys' Eyes Only" in accordance with Paragraphs 3(a) and 3(b) below.

2.

PDF created with pdfFactory trial version www.pdffactory.com

   (i) <u>Jury Consultant</u>. "Jury Consultant" means an established professional in the field of jury consultancy and its respective secretarial and other assistants to whom it is necessary or useful to disclose Protected Material for the purpose of this action.

   (j) <u>Graphics Vendor</u>. "Graphics Vendor" means an established professional in the field of graphics preparation and its respective secretarial and other assistants to whom it is necessary or useful to disclose Protected Material for the purpose of this action.

   (k) <u>Independent Expert</u>. "Independent Expert" means an expert and/or independent consultant actually retained or employed to advise or to assist counsel in the preparation and/or trial of this action and who is not employed by a Party, or any affiliate of any Party, to whom it is necessary or useful to disclose Protected Material for the purpose of this action.

3. <u>DESIGNATION OF PROTECTED MATERIAL</u>.

   (a) Any document, any information produced on magnetic disks or other computer-related media, and any portion of oral testimony produced or given in this action that is asserted by any Party to contain or constitute CONFIDENTIAL INFORMATION shall be so designated by such Party. Each page of each document, and the front of each disk, that contains CONFIDENTIAL INFORMATION shall be marked on its face with the legend "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER." Transcript pages containing or constituting CONFIDENTIAL INFORMATION shall be separately bound by the court reporter and marked "CONFIDENTIAL" on each page. If a Receiving Party wishes to show non-CONFIDENTIAL portions of a document or transcript containing CONFIDENTIAL INFORMATION to a person or party not described below in Paragraph 4(a), it shall first redact all pages designated CONFIDENTIAL.

   (b) Any portion of any document, any information produced on magnetic disks or other computer-related media, and oral testimony produced or given in this action that is asserted by any Party to contain or constitute ATTORNEYS' EYES ONLY information shall be so designated either by the Producing Party, or the Designating Party (if different). Each page of each document, and the front of each disk, shall be marked on its face with the legend "ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER." Transcript pages containing or constituting ATTORNEYS' EYES ONLY INFORMATION shall be separately bound by the court reporter and

PDF created with pdfFactory trial version www.pdffactory.com

marked ATTORNEYS' EYES ONLY on each page. If the Receiving Party wishes to show non-ATTORNEYS' EYES ONLY portions of a document or transcript containing ATTORNEYS' EYES ONLY INFORMATION to a person or party not described below in Paragraph 4(b), it shall first redact all pages designated ATTORNEYS' EYES ONLY. All designations of CONFIDENTIAL INFORMATION or ATTORNEYS' EYES ONLY INFORMATION shall be made on or before the time of the production of the information, except in the case of a production made by a third party to the action. In such case, a Designating Party may make such designation within seven days of receipt of such production. For a period of seven days from the date of such production, the information shall be treated as if it was produced pursuant to a designation of ATTORNEYS' EYES ONLY.

4. <u>ACCESS TO PROTECTED MATERIAL</u>.

(a) In the absence of written permission from a Designating Party or an order of the Court, any CONFIDENTIAL INFORMATION produced or designated in accordance with the provisions of Paragraph 3(a) above shall be used solely for purposes of the prosecution and defense of the above-entitled litigation and shall not be disclosed to or discussed with any person other than: (a) the Receiving Party; (b) Counsel for the Receiving Party including necessary support personnel of counsel; (c) employees of the Receiving Party whose review of such information is required for the conduct of the above-entitled litigation; (d) Jury Consultants, Graphics Vendor, and Independent Experts who are engaged for the purpose of this action by the Party receiving the information and their support personnel; (e) the individual who authored, prepared or received the information; and (f) certified court reporters taking testimony involving such CONFIDENTIAL INFORMATION.

(b) In the absence of written permission from a Designating Party or an order of the Court, any ATTORNEYS' EYES ONLY INFORMATION produced in accordance with the provisions of Paragraph 3(b) above shall be used solely for purposes of the prosecution and defense of the above-entitled litigation and shall not be disclosed to or discussed with any person other than: (a) Counsel for the Receiving Party including necessary support personnel of counsel; (b) certified court reporters taking testimony involving such ATTORNEYS' EYES ONLY INFORMATION and their support personnel; (c) Jury Consultants, Graphics Vendors, and Independent Experts who are

4.

PDF created with pdfFactory trial version www.pdffactory.com

engaged for the purpose of this action by the party receiving the information and their support personnel; and (d) the individual or individuals who authored, prepared, or lawfully received the information.

   (c) <u>Custody of Protected Material</u>.  All documents containing information designated "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" and notes or other records regarding that information shall be maintained in the custody of Counsel for the parties, and no partial or complete copies thereof containing Protected Material shall be retained by anyone else, except that (i) Jury Consultants, Graphics Vendors, and Independent Experts may retain documents containing Protected Material on a temporary basis not to exceed the length of time reasonably necessary for purposes of study, analysis, and preparation of the case, and (ii) the Parties to the action may retain documents containing CONFIDENTIAL INFORMATION on a temporary basis not to exceed the length of time reasonably necessary for purposes of study, analysis, and preparation of the case.  A person with custody of Protected Material shall maintain it in a manner that limits access to qualified persons.

   (d) <u>Independent Expert</u>.  Subject to the provisions of this Order, all Protected Material may be disclosed to any Independent Expert who has agreed in writing or on the record of a deposition to be bound by this Order.  Counsel need not identify the prospective expert to the other parties, except as ordered by the Court or as required by the Code of Civil Procedure.

   (e) <u>Jury Consultant/Graphics Vendors</u>.  Subject to the provisions of this Order, all Protected Material may be disclosed to Jury Consultants and Graphics Vendors who have agreed in writing to be bound by this Order.  Counsel need not identify the prospective Jury Consultant or Graphics Vendor to the other parties.

   (f) <u>Arbitrators or Mediators</u>.  Subject to the provisions of this Order, all Protected Material may be disclosed to any Arbitrator or Mediator who has agreed in writing to be bound by this Order.

   (g) <u>Acknowledgement of Protective Order</u>.  Before obtaining access to any Protected Material covered by this Protective Order, any qualified person who is permitted to have access to

5.

PDF created with pdfFactory trial version www.pdffactory.com

Protected Material under this Protective Order must signify assent to the terms of this Protective Order by executing the acknowledgement attached as Appendix A, indicating that they have read and understood this Protective Order and agree to be bound by its terms.

(h)     <u>Disclosure Pursuant to Consent</u>.  Protected Material also may be disclosed to anyone so authorized by prior written consent of the Designating Party.

(i)     <u>Conduct of Deposition</u>.  Where testimony at a deposition involves disclosure of CONFIDENTIAL INFORMATION or ATTORNEYS' EYES ONLY INFORMATION, such deposition, or portion thereof, shall be taken only in the presence of persons who are permitted access to such information under this Protective Order.

(j)     <u>Disclosure of Confidential Transcripts to the Deponent</u>.  Deposition transcripts containing Protected Material may be shown to the deponent for the purpose of correction, but the deponent may not retain a copy of the transcript unless (s)he agrees to be bound by this Protective Order by signing a copy of the Acknowledgement Form.

(k)     The limitation on disclosure contained in this Protective Order shall not apply to documents or information that (i) were already in the possession of the Receiving Party with the consent of the Designating Party; or (ii) are or become published or available in a lawful manner that is not in violation of this Protective Order.  Nothing in this Protective Order shall be deemed to restrict in any way any party's own documents or information, or his or its attorneys with respect to that party's own documents or information.

5.    <u>COURT PROCEDURES</u>.

Before any party may file with the Court any documents, transcripts of deposition, answers to interrogatories or pleadings using, referring to or incorporating PROTECTED MATERIAL, including any documents designated as CONFIDENTIAL INFORMATION OR ATTORNEY'S EYES ONLY INFORMATION, that party shall file a motion with the Court that the document, discovery response or deposition transcript be redacted or filed under seal, as appropriate, pursuant to Federal Rule of Civil Procedure 5.2 and Local Rules 39-140 and 39-141.  All copies of such papers shall be kept in confidence by the other parties as provided in this Order.

PDF created with pdfFactory trial version www.pdffactory.com

6. <u>HANDLING OF PROTECTED MATERIAL</u>.

(a) Before a court reporter receives any CONFIDENTIAL INFORMATION or ATTORNEYS' EYES ONLY INFORMATION, he or she first shall have read this Order and agreed in writing or on the record to be bound by the terms thereof.

(b) Nothing herein shall restrict a qualified recipient from making working copies, abstracts, digests and analysis of Protected Material for use in connection with the above-entitled litigation and such working copies, abstracts, digests and analysis shall be deemed to have the same level of protection under the terms of this Order.  Further, nothing herein shall restrict a qualified recipient from converting or translating such information into machine-readable form for incorporation in a data retrieval system used in connection with this action, provided that access to such information, in whatever form stored or reproduced, shall be limited to qualified recipients.

(c) Nothing in this Stipulation shall abridge the rights of any party to seek judicial review or to pursue other appropriate judicial action with respect to any ruling made by the Court or arbitrator concerning the issues of status of Confidential Information.

(d) If a Party through inadvertence produces any CONFIDENTIAL INFORMATION or ATTORNEYS' EYES ONLY INFORMATION without labeling or marking or otherwise designating it as such in accordance with the provisions of this Protective Order, the Party may give written notice to the Receiving Party that the document or thing produced is deemed CONFIDENTIAL INFORMATION or ATTORNEYS' EYES ONLY INFORMATION and should be treated as such in accordance with the provisions of this Protective Order.  The Receiving Party must treat such documents and things with the noticed level of protection from the date such notice is received.  Promptly upon providing such notice to the Receiving Party, the Party which has provided notice as set forth herein shall provide the Receiving Party with another copy of the documents or things that bear the new designation under this Order, at which time the Receiving Party shall return the originally-produced documents and things.  The Receiving Party's disclosure, prior to the receipt of notice of a new designation, to persons not authorized to receive such information shall not be deemed a violation of this Protective Order.  However, the Receiving Party shall make a good faith effort to immediately retrieve such information from such persons not

PDF created with pdfFactory trial version www.pdffactory.com

authorized to receive such information and to obtain agreement from the person to whom the disclosure was made to be bound by this Protective Order.  If such efforts are unsuccessful, the Receiving Party shall notify the Party which has provided notice as set forth herein of the disclosure and the identity of the person or entity to whom the disclosure was made.

(e)    A Party or present employee of a Party may be examined and may testify concerning all CONFIDENTIAL INFORMATION and ATTORNEYS' EYES ONLY INFORMATION produced by that Party.

(f)    A former employee of a Party may be examined and may testify concerning all CONFIDENTIAL INFORMATION and ATTORNEYS' EYES ONLY INFORMATION produced by that Party which pertains to the period or periods of his or her employment.

(g)    Non-parties may be examined and may testify concerning any document containing CONFIDENTIAL INFORMATION or ATTORNEYS' EYES ONLY INFORMATION of a Producing Party which clearly appears on its face or from other documents or testimony to have been prepared by, received by, known by or communicated to the non-party (other than through inadvertent disclosure).

(h)    If such designation is not made at the time of the deposition, any transcript containing CONFIDENTIAL INFORMATION or ATTORNEYS' EYES ONLY INFORMATION shall be designated as containing such information by no later than fourteen (14) days after the date of the Designating Party's Counsel's receipt of the deposition transcript, which designation shall be in writing served on all parties.  Otherwise, such transcript shall not be subject to this Protective Order.

7.    <u>DESIGNATION NOT DETERMINATIVE OF STATUS</u>.

A Party shall not be obligated to challenge the propriety of a confidentiality designation at the time made, and a failure to do so shall not preclude a subsequent challenge thereto.  The designation or failure to designate material as CONFIDENTIAL or ATTORNEYS' EYES ONLY shall not be determinative of that material's status as a trade secret or proprietary information.  All challenges to the propriety of a confidentiality designation shall first be made in writing by letter or other document identifying the specific material challenged.  Within fourteen (14) days of such a challenge, the Designating Party shall substantiate the basis for such designation in writing to the

8.

PDF created with pdfFactory trial version www.pdffactory.com

1  other Party, or forever waive the protections of this Order with respect to the challenged information.
2  The Parties shall first attempt to resolve such challenges in good faith on an informal basis.  If the
3  dispute cannot be resolved, the Party seeking to maintain the designation may seek appropriate relief
4  from the Court.  If such relief is not sought within thirty (30) days after the letter substantiating the
5  designations were sent to the Receiving Party, the Protected Material shall be re-designated in
6  accordance with the challenging party's proposed designation as set forth in the letter referenced
7  herein by the challenging Party.  The burden of proof shall be on the Party claiming confidentiality.
8  Any document designated CONFIDENTIAL or ATTORNEYS' EYES ONLY shall enjoy the
9  protection of such designation until the issue relating to the propriety of the designation has been
10 resolved.

11 8.   RIGHT TO FURTHER RELIEF.

12      Nothing in this Protective Order shall abridge the right of any person to seek judicial
13 modification or amendment of this Order.

14 9.   RIGHT TO ASSERT OTHER OBJECTIONS.

15      This Protective Order shall not be construed as waiving any right to assert a claim of
16 privilege, relevance, or other grounds for not producing Discovery Material.

17 10.  FINAL DISPOSITION.

18      Within ninety (90) days after final termination of this action, each Party shall assemble all
19 documents and things furnished and designated by any other Party or non-party as containing
20 CONFIDENTIAL INFORMATION or ATTORNEYS' EYES ONLY INFORMATION and all
21 copies, summaries and abstracts thereof, and shall return such documents and things to the
22 Producing Party; provided, however, that the attorneys of record for each Party shall be entitled to
23 retain all pleadings, motion papers, hearing and deposition transcripts, legal memoranda,
24 correspondence, work product and attorney-client communications that include or are derived from
25 Protected Material.

26 11.  NO CONTRACT

27      This stipulation is for the Court's consideration and approval as an order.  It shall not be
28 construed to create a contract between the Parties or between the Parties and their respective counsel.

9.

PDF created with pdfFactory trial version www.pdffactory.com

12. **SURVIVAL OF OBLIGATIONS**.

The obligations created by this Protective Order shall survive the termination of this lawsuit unless otherwise modified by the Court. The Court shall retain jurisdiction, even after termination of this lawsuit, to enforce this Protective Order and to make such amendments and modifications to this Order as may be appropriate.

13. **EXECUTION AND COUNTERPARTS**.

This Stipulation and Order may be executed in one or more identical counterparts, each of which shall be deemed to be an original, but all of which together shall constitute one and the same instrument. Facsimile signatures of any Party upon the signature page of this Stipulation and Order shall be binding upon the Parties hereto and may be submitted as though such signatures were original signatures.

14. **RELEASE OF CONTACT INFORMATION**.

Pursuant to this Stipulation, within 15 business days after entry of this Order by the Court, Defendant shall disclose the identities of the putative Class Members by providing the full name, last known address, and phone numbers, of all persons who worked as Insurance Agents, or Sales Agents, or Sales Managers, or Territory Directors or held similar titles or performed similar duties who have been employed by Defendants in the State of California within four years prior to the filing of this complaint until May 22, 2009.

**ORDER**

Good cause appearing therefore, **IT IS SO ORDERED**.

Dated: June 11, 2009                /s/ John A. Mendez
                                    HONORABLE JOHN A. MENDEZ
                                    UNITED STATES DISTRICT JUDGE

10.

PDF created with pdfFactory trial version www.pdffactory.com